**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XINHAI HUANG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 1:26-cv-13552 |
| | ) | |
| v. | ) | |
| | ) | |
| CLICKANDSHIP LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Xinhai Huang ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendant Clickandship LLC ("Defendant") and alleges as follows. Allegations concerning Plaintiff and his own acts are made on personal knowledge; all other allegations are made on information and belief formed after reasonable inquiry.

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for related claims under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and Illinois common law.

2. Plaintiff owns the federally registered trademark MISSVIVI (U.S. Reg. No. 6,552,451) and sells MISSVIVI-branded heated neck-and-shoulder pads to U.S. consumers through Amazon.com under Amazon Standard Identification Number ("ASIN") B0FPMG7Q91 (the "MISSVIVI Listing").

3. Defendant is a third-party Amazon seller that has attached its own offer to the MISSVIVI Listing and sells units of MISSVIVI-branded heating pads described as "New." In truth, the units Defendant sells are, on information and belief, previously sold products that consumers returned to Amazon, that were classified by Amazon's fulfillment network as unsellable, and that were designated for disposal — products that bear Amazon "LPN" return-tracking labels, show visible damage to their packaging, and may be defective.

4. By passing off returned, damaged, and potentially defective goods as new, genuine MISSVIVI products, Defendant deceives consumers, falsely represents the nature and quality of the goods it sells, deprives Plaintiff of control over the quality of goods sold under his mark, and harms the goodwill and reputation of the MISSVIVI brand. Plaintiff seeks injunctive relief, Defendant's profits, damages, costs, and other relief.

**THE PARTIES**

5. Plaintiff Xinhai Huang is an individual residing in Tianmen City, Hubei Province, People's Republic of China, with an address at No. 1, Wanba Street, Jingling Office, Tianmen City, Hubei, China 431700. Plaintiff is the owner of record of U.S. Trademark Registration No. 6,552,451 for the mark MISSVIVI. Plaintiff has licensed the trademark for use exclusively to Shenzhen Jiashengxiao Trading Co., Ltd. Which sells on the MISSVIVI Listing.

6. Defendant Clickandship LLC is, on information and belief, claims to be a limited liability company with a principal place of business at 319 Homeland Southway, Apt. 3B, Baltimore, Maryland 21212. Defendant operates the Amazon.com storefront "Clickandship" (Seller ID APD9YOJ7B6844), which identifies "Clickandship LLC". *See below*

**Detailed Seller Information**

**Business Name:** Clickandship LLC
**Business Address:**
319 Homeland Southway
Apt 3B
Baltimore
MD
21212
US

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over Plaintiff's unfair-competition claim under 28 U.S.C. § 1338(b), because it is joined with a substantial and related claim under the trademark laws, and supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a), because they form part of the same case or controversy.

8. This Court has specific personal jurisdiction over Defendant. Defendant targets consumers in Illinois by operating an interactive, commercial Amazon storefront through which it offers MISSVIVI-branded products for sale to, accepts orders from, and ships products to Illinois residents. Defendant has offered to ship, and has in fact sold and shipped, the goods at issue to an address in Chicago, Illinois, as described below. Plaintiff's claims arise out of and relate to those Illinois-directed sales activities.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims — including Defendant's offer, sale, and delivery of the goods at issue to a consumer in Chicago, Illinois, and the resulting consumer deception and injury — occurred in this District, and under 28 U.S.C. § 1391(b)(3) and (c)(2) because Defendant is subject to personal jurisdiction in this District with respect to this action.




## FACTUAL ALLEGATIONS

### A. Plaintiff and the MISSVIVI Mark

10. Plaintiff owns U.S. Trademark Registration No. 6,552,451 for the standard-character mark MISSVIVI, registered on the Principal Register on August 11, 2026 for use in connection with Electric blankets for household purposes; Electric blankets not for medical purposes; Electrically heated clothing. (the "MISSVIVI Mark"). A true and correct copy of the registration certificate is attached as Exhibit A.

11. The registration is valid, subsisting, and in full force and effect, and constitutes prima facie evidence of the validity of the MISSVIVI Mark, Plaintiff's ownership of it, and Plaintiff's exclusive right to use it in commerce in connection with the registered goods. 15 U.S.C. §§ 1057(b), 1115(a).

12. Plaintiff sells a graphene-infused, weighted electric heating pad for the neck, shoulders, and back under the MISSVIVI Mark (the "MISSVIVI Heating Pad"). The MISSVIVI Heating Pad and its retail packaging prominently display the MISSVIVI Mark. The packaging also identifies Plaintiff's customer-service channels (support@missvivi.shop and a toll-free number) and product specifications, including model number HP006A(HP006).

13. Plaintiff sells the MISSVIVI Heating Pad to U.S. consumers through the MISSVIVI Listing on Amazon.com, ASIN B0FPMG7Q91, available at https://www.amazon.com/dp/B0FPMG7Q91. The MISSVIVI Listing presently displays the brand name. The MISSVIVI Listing has accumulated more than 1,000 customer ratings with an average rating of 4.6 out of 5 stars.




14. Plaintiff stocks the MISSVIVI Heating Pad in Amazon's fulfillment network under seller SKU JN-XXLPJ-DH. Each unit Plaintiff sends into Amazon's fulfillment network bears an Amazon fulfillment network SKU ("FNSKU") barcode label unique to Plaintiff's inventory: X004TP7LVT.

15. Plaintiff has invested substantial time, effort, and resources in developing, marketing, and maintaining the quality of MISSVIVI-branded products. As a result, consumers associate the MISSVIVI Mark with Plaintiff and with products of consistent quality, and the MISSVIVI Mark embodies valuable goodwill.

**B. Plaintiff's Quality-Control Practices for Returned Products**

16. Plaintiff maintains quality-control procedures designed to ensure that only new, undamaged, fully functional MISSVIVI Heating Pads reach consumers as "new" goods. Among

other things, when a consumer returns a MISSVIVI Heating Pad to Amazon and the unit is classified as unsellable — for example, because the consumer reported that the product failed to perform as expected or had a defect, or because the unit or its packaging is damaged — Plaintiff does not resell that unit as new. Instead, Plaintiff directs that such units be removed from inventory and disposed of.

17. When a consumer returns a product to Amazon, Amazon's fulfillment network applies a license plate number ("LPN") label to the returned unit to track it as returned inventory. An LPN label is not applied to new, never-sold inventory.

18. Plaintiff's Amazon removal records reflect that, between January 29, 2026 and April 7, 2026 alone, Plaintiff submitted at least thirty-three seller-initiated disposal orders for MISSVIVI Heating Pads bearing FNSKU X004TP7LVT that Amazon had classified as "Unsellable," resulting in the disposal of approximately 176 units.

19. Plaintiff has never authorized Defendant, or anyone else, to sell returned, unsellable, or disposed-of MISSVIVI Heating Pads as new products.

**C. Defendant's Sale of Returned, Damaged Goods as "New"**

20. Defendant has attached its own offer to the MISSVIVI Listing. Through that offer, Defendant advertises and sells MISSVIVI Heating Pads under Plaintiff's product title, images, brand, and product description, and in the "New" condition. Amazon's product page identifies Defendant as the "Shipper / Seller" of the offered product when Defendant's offer is displayed. True and correct copies of screenshots of the MISSVIVI Listing displaying Defendant's offer, captured on or about September 29, 2026, are attached as Exhibit B.

21. Defendant's offer does not disclose that the product being sold is a used, returned, open-box, damaged, or refurbished item. A reasonable consumer purchasing Defendant's offer

would understand that he or she is purchasing a new, unused, genuine MISSVIVI Heating Pad of the quality Plaintiff provides.

22. On or about September 29, 2026, an investigator acting on Plaintiff's behalf purchased one MISSVIVI Heating Pad from Defendant through the MISSVIVI Listing for $44.99 plus $4.72 in tax, for a total of $49.71 (Amazon Order No. 106-8100491-6243446). The order confirmation states that the item "Ships from and sold by Clickandship." The order was placed for delivery to 444 W. Lake Street, 17th Floor, Chicago, Illinois 60606. True and correct copies of the checkout and order-confirmation pages are attached as Exhibit C.

23. Defendant shipped the product to the Chicago address, and it was delivered there on or about October 2, 2026. (UPS tracking No. 1Z16D1R0YW11157873; USPS tracking No. 9261 2903 3686 2254 1420 0702) (the "Test Purchase Unit"). Photographs of the Test Purchase Unit and its shipping package are attached as Exhibit D.

24. The Test Purchase Unit bears the MISSVIVI Mark and Plaintiff's own FNSKU barcode label, X004TP7LVT, establishing that the unit originated from Plaintiff's own inventory in Amazon's fulfillment network.

25. The Test Purchase Unit also bears an Amazon LPN return-tracking label (LPNO4604344121), affixed over the front panel of the retail box. The presence of the LPN label shows that the Test Purchase Unit had previously been sold to a consumer and returned to Amazon.

26. The retail packaging of the Test Purchase Unit is visibly damaged and worn, including crushed and torn corners and edges, creasing, and wear on the box flaps, none of which is present on new MISSVIVI Heating Pads that Plaintiff sells.

27. On information and belief, based on the LPN label, Plaintiff's FNSKU, the condition of the Test Purchase Unit, and Plaintiff's removal records, the Test Purchase Unit is a

MISSVIVI Heating Pad that a consumer returned, that was classified as unsellable, and that Plaintiff had designated for removal and disposal. Plaintiff does not know how Defendant obtained the unit, and that information is peculiarly within Defendant's possession.

28. On information and belief, Defendant has sold, and continues to sell, additional returned, unsellable, damaged, and/or defective MISSVIVI Heating Pads through the MISSVIVI Listing while representing them as "New," and has acquired such units for the purpose of reselling them at new-item prices.

**D. The Goods Defendant Sells Are Materially Different from Genuine MISSVIVI Products**

29. The MISSVIVI Heating Pads that Defendant sells are materially different from the genuine, new MISSVIVI Heating Pads that Plaintiff sells under the MISSVIVI Mark. Among other things, Defendant's goods (a) have previously been sold, used, and returned by consumers; (b) were rejected from new inventory as unsellable and, on information and belief, include units returned because of performance problems or defects; (c) are packaged in damaged and worn retail boxes; and (d) have not passed through, and were affirmatively rejected by, Plaintiff's quality-control process.

30. These differences are material to consumers purchasing an electric heating appliance intended for direct use on the body. A consumer would consider it relevant to a purchasing decision that a heating pad advertised as new has in fact been previously sold, used, returned, and rejected as unsellable.

31. Because Defendant's goods are materially different from the goods Plaintiff sells under the MISSVIVI Mark and were not produced or distributed in accordance with Plaintiff's quality-control standards, they are not genuine MISSVIVI products, and Defendant's sale of them under the MISSVIVI Mark is not protected by the first-sale doctrine.

**E. Harm to Plaintiff and Consumers**

32. Defendant's conduct is likely to cause, and on information and belief has caused, consumers to believe that the returned, damaged goods they receive are new goods originating from, sponsored by, or approved by Plaintiff and meeting Plaintiff's quality standards.

33. Consumers who receive Defendant's goods are likely to attribute the damaged condition, wear, and any malfunction of those goods to Plaintiff and the MISSVIVI brand, resulting in dissatisfaction, returns, complaints, and negative reviews and ratings on the MISSVIVI Listing, which in turn damage the reputation of the MISSVIVI Mark and reduce Plaintiff's sales.

34. Defendant's sale of returned goods at "new" prices also diverts sales from Plaintiff, who sells new MISSVIVI Heating Pads through the same MISSVIVI Listing. By attaching to the MISSVIVI Listing, Defendant competes directly with Plaintiff for the same consumers and the same "Buy Box" on the same product page.

35. Defendant's acts have been knowing, deliberate, and willful. As a seller that obtained and resold units bearing visible Amazon LPN return labels and damaged packaging, Defendant knew or recklessly disregarded that the goods were not new. On information and belief, Defendant also agreed, as a condition of selling on Amazon.com, to Amazon's policies requiring sellers to list products accurately and in the correct condition, and nonetheless offered used, returned goods in the "New" condition.

36. Defendant's conduct has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm — including loss of control over his reputation and goodwill and loss of consumer trust — for which Plaintiff has no adequate remedy at law.

## COUNT I
## Trademark Infringement — 15 U.S.C. § 1114

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff owns the valid and registered MISSVIVI Mark.

39. Without Plaintiff's consent, Defendant has used, and continues to use, the MISSVIVI Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods that are materially different from Plaintiff's genuine goods and that did not conform to Plaintiff's quality-control standards.

40. Defendant's use of the MISSVIVI Mark on and in connection with such goods is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, approval, nature, and quality of the goods, in violation of 15 U.S.C. § 1114.

41. Defendant's infringement has been willful. Plaintiff has been and will continue to be damaged by Defendant's infringement and is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Defendant's profits, Plaintiff's damages, and costs under 15 U.S.C. § 1117(a).

## COUNT II
**False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a)(1)(A)**

42. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

43. Defendant's sale and advertising of returned, damaged, and materially different MISSVIVI Heating Pads as new, genuine MISSVIVI products constitutes use in commerce of words, terms, names, and false designations of origin and false or misleading descriptions and representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

44. Defendant's conduct has been willful, and Plaintiff has been and will continue to be damaged thereby. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's damages, and costs under 15 U.S.C. §§ 1116 and 1117(a).

## COUNT III
## False Advertising — 15 U.S.C. § 1125(a)(1)(B)

45. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

46. In its commercial advertising and promotion on Amazon.com, Defendant has represented that the MISSVIVI Heating Pads it offers and sells are in “New” condition.

47. That representation is literally false, or at minimum misleading, because the goods Defendant sells are previously sold, returned, used, and/or damaged goods that were classified as unsellable.

48. Defendant’s false representation is material because the condition of a product — new versus used or returned — is likely to influence consumers’ purchasing decisions, particularly for an electric heating appliance used directly on the body.

49. Defendant’s false representation has actually deceived, or has a tendency to deceive, a substantial segment of its intended audience.

50. Defendant placed its false representations in interstate commerce by offering and shipping the goods through Amazon.com to consumers in multiple states, including Illinois.

51. Plaintiff has been or is likely to be injured as a result of Defendant’s false advertising, including through diversion of sales from Plaintiff to Defendant on the same product listing and through injury to the goodwill and reputation associated with Plaintiff’s products. Plaintiff’s injuries fall within the zone of interests protected by the Lanham Act and are proximately caused by Defendant’s false statements. Plaintiff is entitled to injunctive relief and to recover Defendant’s profits, Plaintiff’s damages, and costs under 15 U.S.C. §§ 1116 and 1117(a).

## COUNT IV
## Violation of the Illinois Uniform Deceptive Trade Practices Act — 815 ILCS 510/2

52. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

53. Defendant has engaged in deceptive trade practices in the course of its business, in violation of 815 ILCS 510/2(a), by, among other things: (a) passing off goods as those of another (§ 2(a)(1)); (b) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods (§ 2(a)(2)); (c) representing that goods have sponsorship, approval, or characteristics that they do not have (§ 2(a)(5)); (d) representing that goods are original or new when they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand (§ 2(a)(6)); (e) representing that goods are of a particular standard, quality, or grade when they are of another (§ 2(a)(7)); and (f) engaging in other conduct that similarly creates a likelihood of confusion or misunderstanding (§ 2(a)(12)).

54. Defendant's conduct was willful. Plaintiff is likely to be damaged by Defendant's deceptive trade practices and is entitled to injunctive relief under 815 ILCS 510/3, and, because Defendant willfully engaged in deceptive trade practices, to an award of attorneys' fees.

**COUNT V**
**Common Law Unfair Competition**

55. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

56. Defendant's conduct as described above — including passing off returned, damaged, and materially different goods as new, genuine MISSVIVI products — constitutes unfair competition under the common law of Illinois.

57. Defendant's conduct has been willful, and Plaintiff has been and will continue to be damaged thereby, in an amount to be proven at trial.

**COUNT VI**
**Unjust Enrichment**

58. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

59. Through the unlawful and deceptive conduct described above, Defendant has unjustly retained a benefit — namely, the revenue and profits from selling returned, used, and damaged MISSVIVI Heating Pads at new-item prices, trading on the goodwill of the MISSVIVI Mark — to Plaintiff's detriment.

60. Defendant's retention of that benefit violates the fundamental principles of justice, equity, and good conscience. Defendant should be required to disgorge all such revenue and profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

A. A judgment that Defendant has infringed the MISSVIVI Mark in violation of 15 U.S.C. § 1114(1); engaged in false designation of origin, unfair competition, and false advertising in violation of 15 U.S.C. § 1125(a); violated the Illinois Uniform Deceptive Trade Practices Act; engaged in common-law unfair competition; and been unjustly enriched; and that Defendant's violations were willful;

B. Preliminary and permanent injunctive relief under 15 U.S.C. § 1116, 815 ILCS 510/3, and the Court's equitable powers, enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order, from: (i) offering for sale or selling any MISSVIVI-branded product that has been previously sold, returned, used, damaged, or designated as unsellable, or any MISSVIVI-branded product that is otherwise materially different from Plaintiff's genuine goods; (ii) representing that any such product is "New"; (iii) using the MISSVIVI

Mark in any manner likely to cause confusion as to the source, sponsorship, approval, or condition of Defendant's goods; and (iv) assisting, aiding, or abetting any other person in engaging in any of the foregoing acts;

C. An order under 15 U.S.C. § 1116(a) directing Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D. An order requiring Defendant to account for all sales of MISSVIVI-branded products, including the source from which Defendant acquired each unit, the number of units acquired and sold, and the revenue and profits derived therefrom;

E. An award of Defendant's profits, Plaintiff's actual damages, and the costs of the action under 15 U.S.C. § 1117(a), with such profits and damages enhanced as the Court finds just;

F. Disgorgement of all amounts by which Defendant has been unjustly enriched;

G. A finding that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a) and 815 ILCS 510/3;

H. Pre-judgment and post-judgment interest as permitted by law; and

I. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: November 2, 2026

Respectfully submitted,

By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900
*Counsel for Plaintiff Xinhai Huang*